**David C. MILEY, Sr., and April P. Miley, his wife, Plaintiffs,**

v.

**HARMONY MILL LIMITED PARTNERSHIP, a corporation of the State of Delaware, Defendant.**

**Civ. A. No. 91–592–JLL.**

United States District Court, D. Delaware.

July 19, 1993.

Edward T. Ciconte of Ciconte Roseman & Wasserman, Wilmington, DE, for plaintiffs.

James F. Kipp and Robert K. Pearce of Trzuskowski, Kipp, Kelleher & Pearce, P.A., Wilmington, DE, for defendant.

### MEMORANDUM OPINION

LATCHUM, Senior District Judge.

### I. INTRODUCTION

Defendant, Harmony Mill Limited Partnership, has brought this motion seeking an order for summary judgment against plaintiffs, David C. Miley, Sr. and April P. Miley, his wife, pursuant to Federal Rule of Civil Procedure 56. (Docket Item ["D.I."] 40.) Plaintiffs filed this suit seeking damages for injuries incurred by Mr. Miley on June 7, 1990, when he fell in a shower in a building owned and operated by defendant. The details of that fall and plaintiffs' suit are set forth at length in an earlier opinion of this Court. *See Miley v. Harmony Mill Limited Partnership*, 803 F.Supp. 965 (D.Del.1992). That earlier opinion, dated September 24, 1992, granted defendant's motion for summary judgment on four of plaintiffs' five

claims and denied summary judgment only on the fifth claim of common-law negligence.

In the September 24, 1992 opinion and at the pre-trial conference held on February 24, 1993, this Court outlined the evidence plaintiffs would need to produce to survive a motion by defendant for a judgment as a matter of law. At the pretrial conference, this Court reopened discovery to allow plaintiffs the additional time necessary to procure such evidence. In its present motion for summary judgment, defendant argues that the evidence that plaintiffs have since produced is still insufficient as a matter of law.

For the reasons set forth below, this Court finds that plaintiffs have not produced evidence sufficient for a reasonable jury to return a verdict in their favor and accordingly this Court will grant defendant's motion for summary judgment.

### II. FACTS

As stated *supra*, a more detailed version of the underlying facts can be found in this Court's September 24, 1992 opinion. *Miley v. Harmony Mill*, 803 F.Supp. at 966–67. The facts relevant to the present motion are as follows. When plaintiff fell in the shower, his elbow hit the glass shower door which shattered upon impact. The glass that shattered was "annealed glass"; it was not what is called alternately, tempered, treated or safety glass. It is undisputed by the parties that the building in which the accident occurred was constructed in 1968–69 and that

> the annealed glass in the shower door met the specifications required by the 1965 Building Officials Conference of America (BOCA) Basic National Building Code [hereinafter BOCA National Building Code or BOCA code] which was the code in effect at the time the building was constructed; [1] that the use of annealed glass for shower doors has been prohibited by the BOCA National Building Code in effect after 1970; that the BOCA National Building Code states that it is not intended to have retroactive effect except where it so

---

1. Various editions of the BOCA National Building Code have been adopted by ordinance in New Castle County, thus becoming the building code for New Castle County pursuant to Chapter 5, § 5–1 of the New Castle County Code.

specifies and that annealed glass is not an area in which the BOCA code specifies that it operates retroactively.

*Miley v. Harmony Mill*, 803 F.Supp. at 966–67.

In essence, it is undisputed by the parties that the glass in the shower door at the time of the accident did not violate the BOCA building code provision which controlled that structure. The only question left open after defendant's first motion for summary judgment was whether the use of the glass, although protected by statute in the building in question, could still constitute a claim for common-law negligence. This Court framed the issue as follows:

> In moving for summary judgment, defendant argues that the issue of negligence should be precluded as a matter of law since the use of the annealed glass in the particular building in question was protected by statute, namely New Castle County's incorporation of the BOCA National Building Code § 103.3, which permits the continued use of this glass in buildings constructed before 1970.
>
> This Court, nonetheless, finds that a question of fact still exists as to whether or not the standard of care in the real estate rental community is higher than the minimum mandated by the BOCA National Building Code. However, *in order to succeed on this negligence claim, the plaintiffs must offer evidence that there was a higher standard of care in the leasing community than that mandated by the Building Code regarding pre-existing uses.*

*Miley v. Harmony Mill*, 803 F.Supp. at 970–71. (Emphasis added.)

At the February 24, 1993 pre-trial conference the question of what sort of evidence the plaintiffs would have to produce was again addressed. At that time, the Court informed plaintiffs that their proposed expert witness was not qualified, since his area of expertise was limited to Pennsylvania, not Delaware. The Court informed plaintiffs that in order to succeed they would have to produce a witness with expertise of the Delaware real estate community. The Court gave plaintiffs additional time to procure such a witness.

That additional time has presently expired and plaintiffs have produced only one expert witness, Michael I. Arker. Mr. Arker was deposed by counsel for both parties on June 10, 1993, and that deposition is a part of this Court's record. (D.I. 42.) Based on that deposition testimony, defendant again moves for summary judgment, arguing that plaintiffs' evidence is still insufficient as a matter of law.

## III. *STANDARD OF REVIEW*

Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The appropriate inquiry is whether there is a need for a trial. "In other words, [are] there any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The Supreme Court has clearly held, however, that "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby*, 477 U.S. at 249, 106 S.Ct. at 2511. (Citation omitted.) The standard for summary judgment "mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)." *Id.* at 250, 106 S.Ct. at 2511. Highly relevant to the disposition of this case is the fact that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon a motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## IV. DISCUSSION

This Court's September 24, 1992 opinion outlined an essential element of plaintiffs' case as follows:

> Plaintiffs might succeed if they presented evidence of an industry practice which replaced glass in intervals of time less than every twenty years, or if they presented evidence of an industry practice which conformed specifically exempted structures to present BOCA code standards in a time less than twenty years, despite the code's "grandfather clause." To date, however, plaintiffs have produced no such evidence.

*Miley v. Harmony Mill,* 803 F.Supp. at 970–71. Since the extended time granted by this Court for additional discovery on that issue has expired, the only question remaining is whether, after this additional time for discovery, plaintiffs have still failed "to make a showing sufficient to establish the existence of an element essential to their case, and on which they bear the burden of proof at trial." The only evidence which plaintiffs have put forth on the essential element of their case, outlined in the September 24, 1992 opinion, is the deposition testimony of building and design consultant, Michael I. Arker. That deposition testimony includes the following relevant statements:

> Q:[2] Have you been involved in any way in the leasing of apartments, leasing industry, in the State of Delaware?
>
> A: No.
>
> Q: Is there an industry practice in Delaware in which the leasing community replaces glass at intervals of time less than every 20 years?
>
> A: Would you repeat that?

> Q: Yes. Is there an industry practice in Delaware in the leasing community in which it replaces glass at intervals of time less than 20 years?
>
> A: That's not a silly question, but the law was passed in 1977. The BOCA Code says that from 1977 to the present that you must have tempered safety glass in a shower. So prior to that, most people had annealed glass. So if a building was built in 1930, I don't know of any law that would tell them in 20 years you have to change it. And if something was safety glass in 1977, in 1977 there would be no reason to change it if it was still safety glass.
>
> Q: And there isn't—
>
> A: And unless the law was changed ...
>
> Q: —a standard in the leasing community in Delaware in which nonsafety glass is replaced at intervals?
>
> A: I don't know. No.

(D.I. 42 at 30–31.)

The above-cited deposition testimony demonstrates that plaintiffs have not only failed to establish an element essential to their case, but they have, in fact, offered evidence to support a finding to the contrary.[3] Plaintiffs' proposed expert's[4] testimony would support a finding in defendant's favor that there was no standard in the leasing community more stringent than that imposed by statute. In no way, however, does plaintiffs' proposed expert testimony qualify as evidence from which a reasonable juror could infer that there was a higher standard of care in the leasing community than that mandated by the BOCA code. In addition, plaintiffs have offered no other evidence to support this essential element of their case.

---

**2.** The questions were asked by defendant's counsel; the answers, of course, were given by Mr. Arker.

**3.** The Court has clearly not cited all of Mr. Arker's testimony, but rather has chosen the excerpt which most clearly illustrates the fact that it constitutes insufficient evidence to support plaintiffs' claim. The Court notes, however, that while in other excerpts of his testimony, Mr. Arker does state that he would advise a client to replace any annealed glass, he never states that there is an industry practice in which such glass is regularly replaced. The September 24, 1992 opinion clearly stated that plaintiffs needed to

produce evidence of an industry practice, and accordingly, Mr. Arker's testimony is insufficient.

**4.** Since this Court finds that plaintiffs' proposed expert does not offer evidence sufficient to establish a genuine issue of material fact concerning the standard of care in the leasing community, the Court need not address the issue of whether the witness deposed, in fact, qualified as an expert. The Court notes however, that the fact that the witness's own testimony states that he has *not* been involved in the leasing industry would appear to have made qualification a highly contested point.

Hence, as explained in this Court's earlier opinion, absent evidence of a higher standard of care, no reasonable juror could render a verdict in favor of the plaintiffs, and accordingly defendant is entitled to judgment as a matter of law.

## V. CONCLUSION

For the reasons set forth above, this Court will grant defendant's motion for summary judgment. An order will be issued forthwith in accordance with this opinion.